# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

| | |
|---|---|
| **In re:** | **Case No. 15-04024-MSH** |
| **CURRAN, JOSEPH M.** | **Chapter 7** |
| | |
| **Carolyn Privitera, plaintiff** | **Adv. Proc. No.** |
| **v.** | **15-04024** |
| **Joseph M. Curran, defendant** | |

## PLAINTIFF CAROLYN PRIVITERA'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER AND CROSS-MOTION FOR FURTHER ATTORNEY'S FEES PURSUANT TO G.L. c. 231 § 59H

Plaintiff Carolyn Privitera ("Privitera") hereby opposes the Motion of Defendant Joseph M. Curran ("Curran") to Reconsider its ruling on Privitera's Motion for Judgment on the Pleadings pursuant to G.L. c. 231 § 59H. Curran's motion fails to appreciate that motions to reconsider should be brought in limited circumstances and are not simply a vehicle to relitigate an issue already decided by the Court.[1] Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985) ("[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration."), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986) (citations omitted). Curran's Motion to Reconsider "fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law

---

[1] Curran's Motion to Reconsider uses the phrase "As previously stated in our Opposition" or some variant thereof on the first three pages of a motion that is six pages total in length, not including the signature page.

that would affect the prior outcome," Millbury Nat'l Bank v. Palumbo (In re Palumbo), 353 B.R. 37, 43 (Bankr. D. Mass. 2006), and should be summarily denied for this reason alone. However, out of an abundance of caution, Privitera has responded to the substance of Curran's motion below.

**ARGUMENT**

I.   **Curran's Motion to Reconsider Is Unavailing**

Curran's Motion to Reconsider is replete with misstatements of law and betrays a failure to comprehend the purpose and function of the Massachusetts anti-SLAPP statute, G.L. c. 231 § 59H.  Curran argues three points: (1) that Godin v. Schencks, 629 F.3d 79 (1st Cir. 2010) is distinguishable from the present case; (2) that Curran's Counterclaim was not based on Privitera's petitioning activity; and (3) that "The Public Policy Reasons for the anti-SLAPP statute are not implicated in this case, see Motion to Reconsider at 5.  Each argument is unavailing.

Curran's Motion to Reconsider goes on at length about the fact that Godin was "a case involving a section 1983 procedural due process claim" with "pendent state law claims" and, therefore, is somehow distinguishable from the instant matter. See Motion to Reconsider at 2 (emphasis in original). Curran claims that, unlike Godin, the instant matter "is NOT a diversity action"[2] but, instead, Curran's counterclaim "was made because Curran was being sued in bad

---

[2] Curran appears to not recognize that Godin, too, was not a diversity action. Federal jurisdiction was conferred upon the district court in Godin pursuant to 28 U.S.C. § 1343 and supplemental jurisdiction over the pendant state

faith." <u>Id</u>. (emphasis and capitalization in original). Curran's argument appears to be premised

on the flawed notion that because his counterclaim was based on Privitera's petitioning activity

under federal law, Curran's *state-law claim* asserting infliction of emotional distress is somehow

immune from application of the anti-SLAPP statute  <u>Id</u>. ("Here, the counterclaim in the this [*sic*]

adversary complaint was by no means filed to forum-shop."). Curran's argument is nonsensical.

<u>In re Bah</u>, 321 B.R. 41, 46 (9th Cir. BAP 2005) (anti-SLAPP statute applies to pendent state law

claims).

In <u>Godin</u>, the First Circuit thoroughly described how applying Maine's anti-SLAPP law in

federal court advances the dual aims of <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938):

"discouragement of forum-shopping and avoidance of inequitable administration of the laws."

<u>Godin</u>, 629 F.3d at 86. According to the First Circuit, "Section 556 [Maine's anti-SLAPP statute]

substantively alters Maine-law claims that are based on a defendant's protected petitioning

activity by shifting the burden to the plaintiff and altering the showing the plaintiff must make."

<u>Id</u>.  at 91. Curran's counterclaim against Privitera was plainly "based on" Privitera's petitioning

activity. Indeed, Curran's Motion to Reconsider acknowledges, in the very section it attempts to

distinguish <u>Godin</u>, that Curran's counterclaim "was made because Curran was being sued in bad

faith."[3] <u>See</u> Motion to Reconsider at 2. That Curran attributes purported "bad faith" to Privitera's

---

law claims, to which Maine's anti-SLAPP statute applied, was conferred pursuant to 28 U.S.C. § 1367.  <u>See</u> <u>Godin</u>,
629 F.3d at 83.

[3] Privitera also notes that, at the hearing on Privitera's Motion for Judgment on the Pleadings, counsel for Curran
acknowledged in open court that Curran's counterclaim was based on Privitera's petitioning activity.

petitioning activity is immaterial. See Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002)

("[T]he motive behind the petitioning activity is irrelevant" to the determination of whether the

purported SLAPP claim was based on the petitioning activity."). It is therefore clear that Curran's

counterclaim was based on Privitera's petitioning activity and that application of G.L. c. 231 §

59H was appropriate. Wenger v. Aceto, 451 Mass. 1, 5 (2008) (G.L. c. 231 § 59H applies in

situation where non-movant "explicitly states in his [pleading] that his claims" are based on the

movant's petitioning activity).

It is beyond cavil that the anti-SLAPP statute of Massachusetts, like its counterpart in

Maine, "substantively alters [Massachusetts law]" with respect to claims that are based on

protected petitioning activity. Godin, 629 F.3d at 91. See Duracraft Corp. v. Holmes Prods. Corp.,

427 Mass. 156, 168 (1998) (A party who files a motion pursuant to G.L. c. 231 § 59H  is

"avail[ing] himself of immunity derived from the anti-SLAPP statute."). Curran's Motion to

Reconsider says nothing about why "[d]eclining to apply [G.L. c. 231 § 59H] in federal court

would [not] result in an inequitable administration of justice between a defense asserted in state

court and the same defense asserted in [this] court."  Godin, 629 F.3d at 92. Accordingly,

Curran's "public policy" arguments are meritless.

Lastly, it is worth observing that Curran's claim on the first page of his Motion to

reconsider that "the only Bankruptcy case were [sic] attorney's fees were awarded in an anti-

SLAPP [sic], were based on the party failing to respond, thus fees were awarded by default

judgment [sic]" is Neocell Corp. v. Alkayali (In re Alkayali), Adv. Proc. No. 11-01245 (Bankr. S.

D. Cal. 2012) is completely wrong. As an initial matter, it appears that Curran is referring to the

discussion in Alkayali of another case, Brown v. Electronic Arts, Inc., 722 F.Supp.2d 1148 (C.D.

Cal. 2010). In Brown, "the defendant first concurrently filed a 12(b)(6) motion and a [motion

pursuant to California's anti-SLAPP statute]. The plaintiff failed to oppose these motions . . . ."

Alkayali, at *7. In Alkayali itself, the Debtor who filed the purported SLAPP counterclaims had

his claims dismissed by Court order pursuant to the California anti-SLAPP statute. Id. at *1.

"The Court then requested that the parties file briefs discussing the Court's ability to award fees

under [California's anti-SLAPP statute] when the Court dismissed the SLAPP suit causes of

action based on a lack of standing." Id. The Debtor in Alkayali unmistakably briefed this issue;

the discussion of Brown in Alkayali, after all, was based on "[t]he Debtor's argument that fees

should not be awarded" pursuant to Brown. Alkayali at *7. It appears that Curran has confused

the discussion in Alkayali of another case with the actual opinion of the Alkayali court itself.

More significantly, Curran's claim that Alkayali is the "only Bankruptcy case" awarding

attorney's fees pursuant to an anti-SLAPP statute is flatly wrong. See, e.g., Silva v. James (In re

Silva), Adv. Proc. No. 07-90588 (Bankr. S.D. Cal. Jan. 7, 2009).

Although Curran's misstatements of law with regard to Alkayali and the applicability of

anti-SLAPP statutes in Bankruptcy Court might be disregarded as simply poor legal research and

writing, as noted below and in Privitera's Opposition to Curran's Motion to Dismiss, the bulk of

Curran's arguments in connection with both his motions are meritless. Accordingly, Privitera

should be permitted to submit a supplemental attorney's fees petition, particularly because G.L. c.

231 § 59H mandates the recovery of attorney's fees.

## II.   Privitera is Entitled to Additional Legal Fees Pursuant to G.L. c. 231 § 59H

In response to Privitera's  Application for Attorney's Fees and Costs pursuant to G.L. c.

231 § 59H, ECF 22, Curran let loose the instant cacophony of motion practice which, as

described above and in Privitera's Opposition to Curran's Motion to Dismiss, is almost entirely

meritless. Curran did this in full awareness that G.L. c. 231 § 59H is a fee-shifting statute that

mandates the award of attorney's fees. McLarnon v. Jokisch, 431 Mass. 343, 350 (2000) ("A judge

must award costs and fees in cases in which the judge grants the special motion to dismiss under

G. L. c. 231, § 59H. The purpose of the statute is to reimburse persons for costs and attorney's

fees if a judge determines that the statute is applicable and allows their motion to dismiss."). Cf.

Lawrence v. Van Aken, C.A. No. 4:03-CV-20 (W.D. Mich. Feb. 28, 2005) ("Plaintiff consistently

pursued an aggressive litigation strategy over the two-year life span of this lawsuit

. . . which resulted in defendants incurring the very costs to which plaintiff now vigorously

objects. Plaintiff must live with the consequences of his actions").

The First Circuit has made clear that "time reasonably expended in connection with fee

applications is itself compensable." Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993). Curran

chose to tie his opposition to Privitera's fee petition to not only a meritless motion to reconsider

but, also, to a motion to dismiss Privitera's entire Adversary Complaint. Privitera is entitled to

recover her fees incurred in opposing Curran's efforts pursuant to G.L. c. 231 § 59H. Cf.

<u>McLarnon</u>, 431 Mass. at 350 ("The statutory provisions for reasonable attorney's fees would ring

hollow if it did not necessarily include a fee for the appeal") (internal quotations, brackets and,

ellipses omitted).

**WHEREFORE**, for the foregoing reasons and authorities cited, Privitera respectfully

requests that this Honorable Court grant the following relief:

I.  <u>Deny</u> Curran's Motion to Reconsider

II.  <u>Grant</u> Privitera's Cross-Motion for Attorney's Fees and <u>Permit</u> Privitera to file a
Supplemental Attorney's Fees Petition;

III.  <u>Award</u> Privitera her Reasonable Costs and Attorney's Fees Incurred in
Connection with This Opposition and Cross-Motion pursuant to G. L. c. 231, §
59H;

IV.  Enter Judgment in favor of Privitera and against Curran on Curran's counterclaim
pursuant to Fed. R. Civ. P. 54(b) Together with Costs and Attorney's Fees; and

V.  <u>Grant</u> Any Further Relief Justice Requires.

Respectfully submitted,
Carolyn Privitera,
By her attorney,

**Dated: August 17, 2015**                    /s/ William C. Parks
William C. Parks (BBO #679820)
100 State Street, Ninth Floor
Boston, MA 02109
Tel: (617) 523-0712
will@wparkslaw.com

/s/ Alan D. Meyerson
Alan D. Meyerson (BBO #682515)
100 State Street, Ninth Floor
Boston, MA 02109
Tel: (617) 444-9525
alan@alandavidmeyerson.com